

Signed and Filed: February 05, 2008

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>THE CHURCH AT SAN FRANCISCO WHERE JESUS IS LORD,<br><br>             Debtor.<br>_____<br>THE CHURCH AT SAN FRANCISCO WHERE JESUS IS LORD,<br><br>             Plaintiff,<br><br>   vs.<br><br>VALERIE WINSTON, aka VALERIA WINSTON, an individual; DARRYL WINSTON, an individual; 1596 CHURCH STREET CONDOMINIUMS, LLC, a California Limited Liability Company; MARC HANNAH, an individual; JAMES BRANCH DEVELOPMENTS, INC., a California Corporation; and Does 1 through 50, inclusive,<br><br>             Defendants.<br>_____ | Case No. 04-31865 TEC<br><br>Chapter 11<br><br><br><br><br><br>Adv. Proc. No. 08-3008 TC |

**MEMORANDUM RE PLAINTIFF'S EX PARTE APPLICATION
FOR TEMPORARY RESTRAINING ORDER**

Upon due consideration, and for the reasons stated herein, the court denies Plaintiff's ex parte application for temporary

-1-

restraining order and determines that this adversary proceeding must be dismissed for lack of subject-matter jurisdiction.

**FACTS**

Debtor, who is the Plaintiff in the above-captioned proceeding, filed a voluntary chapter 11 bankruptcy petition on June 30, 2004.

On December 29, 2004, the chapter 11 trustee filed a motion for order authorizing Debtor to refinance the loan secured by real property located at 1584-1596 Church Street (Property) to pay off the existing secured loan and the administrative expenses of the bankruptcy estate. The motion was supported by three declarations, including the declaration of Darryl Winston, pastor of a church in Vallejo, California. Mr. Winston's declaration provides that he contacted a real estate broker with whom he had worked in the past to arrange for a loan to Debtor, and that the broker secured a loan for Debtor. It also provides that Mr. Winston's church agreed to make payments on the new loan in order to help Debtor. On January 7, 2005, the court entered an order granting the chapter 11 trustee's unopposed motion to allow the refinance.

On January 21, 2005, the court held a status conference attended by counsel for: Debtor, the chapter 11 trustee, and the United States Trustee. Counsel for the chapter 11 trustee reported that the refinance of the loan re the Property had closed, and that it would be appropriate to dismiss the case after payment of administrative expenses and exoneration of the chapter 11 trustee's bond. On April 7, 2005, the court granted Debtor's ex parte request to dismiss its chapter 11 bankruptcy case. On June 2, 2005, the bankruptcy case was closed.

The complaint filed in the above-captioned adversary proceeding alleges as follows: that Mr. Winston represented to this court that he would help to arrange a loan to refinance the loan re the Property; that Debtor transferred title to the Property on September 14, 2005 to Valerie Winston; that Ms. Winston paid no consideration for the transfer; that Ms. Winston wrongfully borrowed more than $700,000 against the Property from September to November 2005; that on September 28, 2006 Ms. Winston conveyed title to the Property to an LLC; and that on November 16, 2006, the two managing members of the LLC served Plaintiff with a notice of termination purporting to terminated Debtor's membership interest in the LLC.

Based on the actions described above, which occurred almost exclusively after the bankruptcy case was dismissed, the complaint asserts nineteen state-law causes of action including cancellation of the grant deeds to Ms. Winston and the LLC, quiet title, declaratory relief regarding the grant deeds, contract and tort claims, and claims for equitable relief.

**DISCUSSION**

This court has jurisdiction over claims "arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334 (b). The claims asserted in the complaint are state-law claims and thus do not "arise under" title 11. None of the claims arose in Debtor's bankruptcy case, because the events alleged in the complaint occurred almost exclusively postpetition. The only event that occurred during Debtor's bankruptcy case is the declaration by Mr. Winston filed in support of Debtor's motion for authority to refinance. However, the complaint does not allege that Mr. Winston promised to do something during the pendency of

-3-

the bankruptcy case that was not done postpetition, or that the dismissal of the case sought and obtained by Debtor was procured by fraud.  Nor does the complaint seek to enforce an order of this court.  Thus, the complaint does not assert a claim "arising in" a bankruptcy case.  Finally, the complaint does not allege any claims "related to" a bankruptcy case, because there is no chapter 11 case pending to which the alleged claims relate.  Accordingly, this court lacks jurisdiction over the complaint.  28 U.S.C. § 1334(b).  The complaint should be dismissed without prejudice.

**\*\*END OF MEMORANDUM\*\***

| | |
|---|---|
| 1 | **Court Service List** |
| 2 | |
| 3 | Craig K. Martin, Esq. |
| | Law Offices of Craig K. Martin |
| 4 | 1596 Church Street, Suite 100 |
| | San Francisco, CA 94131 |
| 5 | |
| | James H. Oddie, Esq. |
| 6 | Bradshaw & Associates, P.C. |
| | 575 Market Street, 22nd Floor |
| 7 | San Francisco, CA 94105 |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |